Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Employee-plaintiff is Charlotte Pipes.
2. Employer-defendant is the North Carolina Department of Correction.
3. Carrier-defendant on the risk is Key Risk Management.
4. Plaintiff was an employee of defendant on the date of the injury, which was December 18, 1997.
5. Plaintiff's average weekly wage at the time of the original injury was $431.09, which yields a compensation rate of $287.36.
6. On December 18, 1997, employee-plaintiff sustained a low back injury, which was an injury by accident and specific traumatic injury.
7. An index of medical records marked as Stipulated Exhibit 1 was received into evidence.
8. Subsequent to the hearing before the Deputy Commissioner, a set of medical records from the Albemarle Hospital Emergency Room was marked as Stipulated Exhibit 2 and received into evidence.
9. A statement by the plaintiff describing the December 18, 1997 incident was marked as plaintiff's exhibit 1 and received into evidence.
 ***********
The Full Commission adopts with some modifications the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 50-year-old female who had been employed with defendant-employer as a correctional officer for approximately five years.
2. On December 18, 1997, plaintiff was performing her regular job duties as a loading dock officer when she attempted to enter a fenced in area where a food service truck had arrived with supplies. As plaintiff walked through an entrance into the fenced area, an electronic gate unexpectedly closed across the entrance, pinning plaintiff sideways for about a minute. The gate pressed plaintiff against her lower back, chest wall and neck area.
3. From the outset of the December 18, 1997 incident, plaintiff experienced both headaches and pain in her neck. During the four-month period following the December 18, 1997 incident, plaintiff was treated by various healthcare providers for complaints of pain in her lower back. Plaintiff did not report pain in the back of her head and neck during this time period. Plaintiff attempted to alleviate her neck pain and headaches by taking over-the-counter medications such as Tylenol and eventually applying a cream to the back of her neck.
4. On April 30, 1998, plaintiff first reported to Dr. David Teer that she was experiencing pain specifically in her neck. She reported that her attempts to self-medicate had been unsuccessful. Dr. Teer prescribed a new regimen of medications to assist plaintiff in relieving the pain in the back of her head and neck.
5. Dr. Teer referred plaintiff to Dr. Petra Gurtner, a neurosurgeon in Norfolk, Virginia, who on July 26, 1999 performed an anterior cervical decompression and fusion at the C5-6 and C6-7 levels in her neck. This surgery resulted from the compensable injury by accident and was reasonably necessary to effect a cure, lessen plaintiff's disability and/or give plaintiff pain relief.
6. Plaintiff also treated with Dr. Karl Hubbard, a orthopedic surgeon in Elizabeth City, North Carolina. Dr. Hubbard stated that he did not think that plaintiff's bulging disks at C5-6 and C6-7 were caused by the incident at work on December 18, 1997.
7. Dr. Teer and Dr. Gurtner rendered opinions that plaintiff's injury at work on December 18, 1997 caused her disk problems that eventually required surgery. The Full Commission gives greater weight to the causation testimony of Dr. Teer and Dr. Gurtner than to the opinion rendered by Dr. Hubbard on this issue.
8. Based upon the Deputy Commissioner's observation of plaintiff's demeanor and her responses to both direct and cross examination, the Deputy Commissioner found that plaintiff's neck was compressed at the time that she was pinned in the electronic gate and that she experienced neck pain that she associated with headaches from the outset after the incident on December 18, 1997. The Full Commission declines to reverse the credibility determination of the Deputy Commissioner and finds plaintiff's description of the incident on December 28, 1997 and her resulting neck pain credible.
9. As a result of the December 18, 1997 injury by accident, plaintiff was unable to earn wages in the same or any other employment for the time period beginning July 26, 1999 through November 2, 1999. Plaintiff returned to her regular job on November 2, 1999 earning wages comparable to the wages she was earning prior to the compensable injury.
10. As of November 3, 1999, plaintiff had reached maximum medical improvement with regard to the neck injury treated by Dr. Gurtner.
11. As a result of the December 18, 1997 incident, plaintiff sustained a ten percent permanent partial disability to her back.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On December 18, 1997, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer, which resulted in an injury to her neck. N.C. GEN. STAT. § 97-2(6).
2. As a result of the compensable injury by accident, plaintiff was disabled and is entitled to receive temporary total disability compensation in the amount of $287.86 per week for the period from July 26, 1999 through November 2, 1999. N.C. GEN. STAT. § 97-29.
3. Plaintiff is entitled to receive permanent partial disability compensation in the amount of $287.86 per week for thirty weeks for the permanent injuries sustained to her back. N.C. GEN. STAT. § 97-31(23).
4. Plaintiff is entitled to have defendant provide all medical treatment arising from this injury to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. GEN. STAT. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff temporary total disability compensation in the amount of $287.86 per week for the time period beginning July 26, 1999 through November 2, 1999. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
2. Defendant shall pay plaitiff permanent partial disability compensation in the amount of $287.86 per week for thirty weeks for the permanent injuries to her back. This amount has accrued and shall be paid in a lump sum subject to the attorney's fee approved below.
3. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the December 18, 1997 injury by accident, including the cost of the surgery performed by Dr. Gurtner.
4. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under paragraphs 1 and 2 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under paragraphs 1 and 2 of this AWARD shall be deducted from that sum and paid directly to plaintiff's counsel.
5. Defendant shall pay expert witness fees in the amounts of $325.00 to Dr. Gurtner, $220.00 to Dr. Teer, and $325.00 to Dr. Hubbard.
6. Defendant shall pay the costs.
This the ___ day of December 2001.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
LKM/mhb